FILED
U.S. DISTRICT COURT

2007 APR -2  P 12: 48

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

RECEIVED CLERK

FEB 2 0 2007

U.S. DISTRICT COURT

James Hostetter
Attorney Pro Se
Utah State Prison
P.O. Box 250
Draper, Utah   84020

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JAMES HOSTETTER, ) | |
| ) | |
| Plaintiff, ) | Case No._____ |
| v. ) | |
| ) | CIVIL RIGHTS COMPLAINT AND |
| RICHARD GARDEN, Medical Director, ) | |
| at the Utah State Prison, individually; ) | DEMAND FOR JURY TRIAL |
| SIDNEY ROBERTS, M.D., at the ) | |
| Utah State Prison, individually; ) | |
| CHRIS ABBOTT, Physician Assistant, ) | Judge Ted Stewart |
| at the Utah State Prison, individually; ) | DECK TYPE: Civil |
| KENNON TUBBS, M.D. at the Utah ) | DATE STAMP: 04/02/2007 @ 12:43:50 |
| State Prison, individually; ) | CASE NUMBER:  2:07CV00197  TS |
| DAVID SPARKS, Lieutenant, at the Utah ) | |
| State Prison, individually; ) | |
| PAUL RASMUSSEN, Captain, at the Utah ) | |
| State Prison, individually; ) | |
| DAVID  WOLF,  Caseworker, at the Utah ) | |
| State Prison, individually; ) | |
| James BIBLE, Officer, at the Utah State ) | |
| Prison, individually; ) | |
| ELIZABETH SMITH, Sergeant, at the ) | |
| Utah State Prison, individually; ) | |
| BLAKE NIELSON, Deputy Warden, at the ) | |
| Utah State Prison, individually; ) | |
| SCOTT CARVER, Warden at the Utah ) | |
| State Prison, individually; ) | |
| JOHN DOES 1-10, employees at ) | |
| Utah State Prison, individually, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION

1.      James Hostetter, is a citizen of Utah, who presently resides at the Utah State Prison, P.O. Box 250, Draper, Utah 84020.

2.      Defendant Richard Garden,  is a citizen of Utah, and is employed as the Medical Director at the Utah State Prison for the Utah Department of Corrections.  At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is the Medical Director at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

3.      Defendant Sidney Roberts, M.D., is a citizen of Utah, and is employed as a medical doctor at the Utah State Prison for the Utah Department of Corrections.  At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a medical doctor  for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

4.      Defendant Chris Abbott, P.A.,  is a citizen of Utah, and is employed as a Physician Assistant at  the Utah State Prison for the Utah Department of Corrections.  At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Physician Assistant at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

5.      Defendant Kennon Tubbs,  M.D., is a citizen of Utah, and is employed as a medical doctor at the Utah State Prison for the Utah Department of Corrections.  At the time the

claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a medical doctor for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

6.     Defendant James Armstrong, RPT, is a citizen of Utah, and is employed as a physical therapist at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a physical therapist for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

7.     Defendant Daniel Sparks, is a citizen of Utah, and is employed as a lieutenant, at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a lieutenant, for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

8.     Defendant Paul Rasmussen, is a citizen of Utah, and is employed as a Captain, at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Captain, for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

9.     Defendant David Wolf, is a citizen of Utah, and is employed as a caseworker, at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged

3

in this complaint arose, this defendant was acting under color of state law in that he is a caseworker, for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

      10.    Defendant     Bible, is a citizen of Utah, and is employed as a Officer, at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is an officer for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

      11.    Defendant Elizabeth Smith, is a citizen of Utah, and is employed as a sergeant, at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that she is a sergeant, for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

      12.    Defendant Blake Nielson, is a citizen of Utah, and is employed as a Deputy Warden, at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Deputy Warden, for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

4

13.     Defendant Scott Carver, is a citizen of Utah, and is employed as a Warden, at the Utah State Prison for the Utah Department of Corrections.  At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a  Warden, for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

14.     Defendant John Does 1-10, whose true names are unknown and when true names are ascertained the pleadings will be amended accordingly, are citizens of Utah, and are employed at the Utah State Prison.  At the time the claim(s) alleged in this complaint arose, these defendants were acting under color of state law in that they are employees for the Utah Department of Corrections and are directly responsible for wrongful actions alleged herein.

15.     Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1343 (3); 42 U.S.C. 1983.

### B. NATURE OF CASE

16.     Plaintiff complains that he is being denied necessary Neuroten pain medication and physical therapy by the above-named defendants at the Utah State Prison.

17.     On or about May 14, 2006, plaintiff underwent surgery on his neck at the University Medical Center.  Petitioner was prescribed pain medication and physical therapy when he was returned to the Utah State Prison.

18.     Plaintiff is taken to the University Medical Center 2 to 3 times a month because he only has 5% strength in his left arm and 50% strength in his right arm.  Plaintiff is not able to

5

lay on the left side because of the pain in his left arm, shoulder and leg.  Plaintiff is unable to sleep on his left side.  Plaintiff's hips and thighs hurt as a result of his guarded condition.

19.     Plaintiff indicates that he has a tens unit which helps a little but does not relieve all the pain he has to endure.  Plaintiff is taken to the prison infirmary and lays on  warm packs for about 30 minutes to an hour, but it does not relieve all of the pain.   Plaintiff receives Ultram twice a day, which only works for about 30 minutes and then he is in constant pain until the next Ultram pill which again only lasts for 30 minutes.   Plaintiff received a Gabapentu capsule three times a day,   Gabapentu is generic for  Neuroton.   Neuroten medication has been taken away.  Said medication only lasts for two hours at the most and then plaintiff is in pain.

20.     Plaintiff complains that Defendant Armstrong indicates in a medical note on September 28, 2006,  that plaintiff seemingly is making satisfactory progress with rehab at this time, not aware of any acute problems.   Plaintiff complains that this statement is false, because plaintiff does not go to rehab because the prison does not have a rehab center for plaintiff to attend rehab.

21.     Plaintiff complains that defendants Sparks, Rasmussen, Wolfe, Bible, Smith, John Doe Deputy Warden refused to allow the plaintiff to go to the Gym between 9:00 a.m. and 10:00 a.m. to do exercises on his own as some sort of rehabilitation.

22.     Plaintiff has requested additional pain medication and physical therapy and has been denied.  Plaintiff will be unable to recover full strength in his arms, back and legs without the necessary physical therapy.

6

23.    Defendants are violating the plaintiff's rights by their refusal to allow plaintiff pain medication and physical therapy.    As a result plaintiff is entitled to punitive damages.

### C.  CAUSE OF ACTION

24.    Plaintiff alleges that the following constitutional rights, privileges or immunities have been violated and that the following facts form the basis for the allegations:

1.    Count I:      Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Defendants actions in that they are denying him medications that have been prescribed and which he needs as a result of his neck surgery and denying him physical rehab therapy which he needs in order to recover fully from the surgery.

### D.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

25.    Plaintiff has not filed any other law suits in state or federal court dealing with the same facts involved in this action.

26.    Plaintiff has previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of herein as follows: Plaintiff filed grievances through the prison process and has been denied on all levels of the grievances.

### E.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a)      Trial by jury.

b)      That counsel be appointed to represent the Plaintiff in this action.

c)      Punitive damages in the amount of $10,000.00.

7

d)      Compensatory damages in the amount of $10,000.00.

e)      Grant attorney fees and court costs for this action.

f)      Such other and further relief the court deems just and proper.

DATED this _8_ day of _feb_____, 2007.


                                    James Hostetter
                                    Plaintiff

8

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that

he has read the above complaint and that the information contained therein is true and correct. 28

U.S.C. Sec. 1976.  18 U.S.C. Sec. 1621.

EXECUTED at _2-8-07_ on _feb_____, 2006.

_James Hostetler_

9

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES HOSTETTER

**DEFENDANTS**
Richard Garden, MD
Denis Abbot, PA
Courtney Roberts
James Kennon, Tub,
Armstrong, RPT
clint friel, warden

**(b)** County of Residence of First Listed Plaintiff   UTAH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   UTAH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
U.S. DISTRICT COURT
2007 APR -2  P 12: 48
DISTRICT OF UTAH
BY:
DEPUTY CLERK

U.S. DISTRICT COURT

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [X] 362 Personal Injury - | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [X] 195 Contract Product Liability | [X] 360 Other Personal | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | Injury | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 871 IRS—Third Party | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | 26 USC 7609 | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900Appeal of Fee Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | | | Under Equal Access |
| | Employment | [X] 550 Civil Rights | | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | | | [ ] 950 Constitutionality of |
| | Other | | | | State Statutes |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: MEDICAL Malpractice Refusal of treatmen Rehab

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 300,0000   CHECK YES only if demanded in complaint: Treatment

JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP

Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 04/02/2007 @ 12:43:50
CASE NUMBER: 2:07CV00197 TS