**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| JAMES HOSTETTER,<br><br>        Plaintiff,<br><br>   v.<br><br>RICHARD GARDEN et al.,<br><br>        Defendants. | **ORDER DISMISSING IMPROPER DEFENDANTS**<br><br>Case No. 2:07-CV-197 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul Warner |

Plaintiff, James Hostetter, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2008). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 U.S.C.A. § 1915 (West 2008). This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Improper Defendants

To state a viable civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing an "affirmative link" between the harm allegedly suffered and the actions of each named defendant. *See Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999). Liability under

§ 1983 cannot be based on *respondeat superior*; in other words, a defendant may not be held liable merely because of his or her supervisory position.  *See West v. Atkins, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12 (1988); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)* ("[S]upervisor status by itself is insufficient to support liability.  Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'" (citations omitted)).  Thus, administrative or supervisory officials cannot be named as defendants in a § 1983 action without specific allegations showing that they were personally and directly involved in violating the plaintiff's rights.

Plaintiff's Complaint names the following individuals as defendants without directly linking them to any alleged injury: **Scott Carver**, Warden, Utah State Prison; **Richard Garden**, Medical Director, Utah State Prison; **Sidney Roberts**, M.D., Utah State Prison; **Kennon Tubbs**, M.D., Utah State Prison; and **Chris Abbott**, P.A., Utah State Prison.  In fact, none of these individuals are even mentioned anywhere in the body of the Complaint.  Thus, the Court concludes that Plaintiff's Complaint fails to state a claim against these individuals and they must be dismissed as defendants in this case.  If Plaintiff has specific facts directly linking any of these individuals to his claims he may move for leave to file an amended complaint.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that **Scott Carver, Richard Garden, Sidney Roberts, Kennon Tubbs,** and **Chris Abbott,** are **DISMISSED** as defendants in this case.

DATED this 30th day of December, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge