**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| JAMES HOSTETTER, | **ORDER DENYING DEFENDANTS'** |
| | **SUMMARY JUDGMENT MOTION WITH** |
| Plaintiff, | **INSTRUCTIONS TO REFILE** |
| | |
| v. | |
| | Case No. 2:07-CV-197 TS |
| RICHARD GARDEN et al., | |
| | District Judge Ted Stewart |
| Defendants. | |

Plaintiff, James Hostetter, an inmate at the Utah State
Prison, filed this *pro se* civil rights suit under 42 U.S.C. §
1983. *See* 42 U.S.C.A. § 1983 (West 2010). Plaintiff was granted
leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).
*See* 28 U.S.C.A. § 1915 (West 2010). On May 18, 2009, Defendants
filed a *Martinez* Report[1] (Doc. no. 48) consisting of only a list

---

[1] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the
Tenth Circuit approved the practice of district courts ordering
prison administrators to prepare a report to be included with the
pleadings in cases where a prisoner alleges a constitutional
violation by prison officials. The Tenth Circuit has explained
the nature and function of the *Martinez* report, saying:

> Under the *Martinez* procedure, [a district or
> magistrate judge] will direct prison officials
> to respond in writing to the various
> allegations, supporting their response by
> affidavits and copies of internal disciplinary
> rules and reports. The purpose of the
> *Martinez* report is to ascertain whether
> there is a factual as well as a legal basis for the
> prisoner's claims. This, of course, will

of documents to be filed separately, including prison policies and declarations by various prison officials. Defendants also moved (Doc. no 49) for leave to file certain exhibits, such as Plaintiff's medical records, under seal. Although leave to file under seal was granted (Doc. no. 50) the Court has no record that any of the exhibits were ever actually filed or served upon Plaintiff. On January 15, 2010, Defendants filed a summary judgment motion and supporting memorandum (Doc. nos. 58-59) with numerous citations to the *Martinez* Report exhibits which were apparently never filed. Based on the lack of supporting materials the Court finds that Defendants' Motion for Summary Judgment is not properly supported as required under Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1(e) of the Court's local rules. *See* Fed. R. Civ. P. 56; DUCivR. 56-1(e).

---

allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion for Summary Judgment (Doc. no. 58) is **DENIED;**

(2) Defendants shall have **twenty-one (21) days** to file a properly supported motion for summary judgment; and,

(3) Plaintiff shall have **twenty-eight (28) days** from the time he is served with the motion to file a response brief. Plaintiff is instructed that his response cannot rest upon the mere allegations in his complaint. Instead, to survive summary judgment, Plaintiff must come forth with specific facts, admissible in evidence, showing a genuine issue remaining for trial. *See* Fed. R. Civ. P. 56(e).

DATED this 29th day of July, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge